# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

CAROLYN J. HUFFMAN,

      Plaintiff,

v.

    Case No. 2:12-cv-506
    JUDGE GREGORY L. FROST
    Magistrate Judge Norah McCann King

BANK OF AMERICA, N.A., et al.,

      Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants' motion to dismiss (ECF No. 8), Plaintiff's memorandum in opposition (ECF No. 13), and Defendants' reply memorandum (ECF No. 19). For the reasons that follow, the Court **GRANTS** the motion.

### I. Background

According to the complaint, Plaintiff, Carolyn J. Huffman, signed a promissory note and mortgage (collectively referred to as the "Loan") in favor of GreenPoint Mortgage Funding, Inc. to finance the residential property located at 6832 Ridgely Tract Road, Heath, Licking County, Ohio 43056. Defendant Bank of America, N.A. ("BANA") is allegedly the servicer of the Loan, and Defendant The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. successor to JP Morgan Chase Bank, N.A. RAMP 2006-RS1's ("BONY") either claims or may claim an interest in the Loan. Huffman pleads that BANA is BONY's agent.

Pursuant to the Home Affordable Modification Program ("HAMP") portion of the Emergency Economic Stabilization Act of 2008 ("EESA"), BANA entered into a Service

1

Participation Agreement ("SPA") with Fannie Mae, which was acting as a financial agent for the United States. Huffman claims that the SPA sets forth the requirements borrowers must meet to be eligible for a loan modification. If a loan is eligible and Net Present Value ("NVP") positive, BANA must modify the loan absent fraud or a contractual agreement with the loan holder prohibiting modification. Huffman alleges that because she satisfied all of the requirements. BANA was required to modify the Loan. She began efforts to modify the Loan in August, 2009 due to financial hardship. After submitting various documents and speaking to multiple BANA representatives, Huffman was denied modification of Loan on or about October 5, 2010. According to Huffman, she continued to submit documents and speak with representatives in an effort to obtain a modification, but approval was never granted.

Huffman filed the instant case on June 8, 2012, and asserts a single claim for relief. (ECF No. 1.) She asserts that BANA's refusal to provide a modification violates the terms of the SPA entered into by BANA and Fannie Mae and that BONY is liable for its agent's actions. Defendants have filed a motion to dismiss the complaint. (ECF No. 8.) The parties have completed briefing on the motion, which is ripe for disposition.

## II. Discussion

### A. Standard Involved

Defendants move for dismissal on the grounds that Huffman has failed to set forth a claim upon which this Court can grant relief. This Federal Rule of Civil Procedure 12(b)(6) argument requires the Court to construe Huffman's pleading in her favor, accept the factual allegations contained in that pleading as true, and determine whether the factual allegations present a plausible claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). The

Supreme Court has explained, however, that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Consequently, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

To be considered plausible, a claim must be more than merely conceivable. *Twombly*, 550 U.S. at 556; *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). What this means is that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. *See also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

**B. Analysis**

Huffman's complaint presents a single claim for "Breach of Contract and Breach of Covenant of Good Faith and Fair Dealing." (ECF No. 1 ¶¶ 89-97.) Huffman contends that because she is an intended third-party beneficiary of the SPA between BANA and Fannie Mae, she is therefore entitled to enforce the terms of the SPA. Defendants move for the dismissal of Huffman's claim on the grounds that regardless of how she has characterized her claim, this Court cannot grant Huffman the relief she seeks. Their rationale for dismissal has two components: first, Defendants assert that a homeowner generally cannot bring a claim to enforce a servicer's obligations under HAMP, and second, Defendants argue that Huffman specifically

3

cannot proceed as a third-party beneficiary of the SPA. This Court agrees with both contentions.

There is no general private right of action to enforce obligations under HAMP for failure to modify a loan. *See JP Morgan Chase Bank, N.A. v. Horvath*, 862 F. Supp. 2d 744, 748-749 (S.D. Ohio 2012) (quoting *Marks v. Bank of America, N.A.*, No. 03:10-cv-08039-PHX-JAT, 2010 WL 2572988 (D. Ariz. June 22, 2010))); *Hart v. Countrywide Home Loans, Inc.*, 735 F. Supp. 2d 741 (E.D. Mich. 2010); *Hubert v. PNC Bank*, No. 10–13831, 2011 WL 4027417 (E.D. Mich. Sept. 12, 2011). *See also Miller v. Chase Home Finance, LLC*, 677 F.3d 1113 (11th Cir. 2012).

Huffman maintains that her claim is distinguishable from those made in cases finding no general private right of action under HAMP because it is a third-party beneficiary claim. Assuming *arguendo* that state law applies, Ohio law forecloses Huffman's claim. Ohio applies the "intent to benefit" test to determine whether a third-party has enforceable rights under a contract. Unless the promisee intends that the contract should benefit the third party, "then any third-party beneficiary to the contract is merely an "incidental beneficiary", who has no enforceable rights under the contract." *Norfolk & Western Co. v. U. S.*, 641 F.2d 1201, 1208 (6th Cir. 1980).

Contrary to Huffman's statements that "the precise language of the SPA shows a clear intent that the contract was entered into for the benefit of eligible homeowners," the SPA explicitly provides otherwise. (ECF No. 13, at 6.) The SPA states that it "shall inure to the benefit of and be binding upon the parties to the [SPA] and their permitted successors in interest." (ECF No. 1-4, at 53.) The parties to the contract expressed their intent to benefit only the parties to the SPA and permitted successors in interest, rendering third parties such as

4

Huffman incidental beneficiaries without enforceable rights under the contract.

Huffman relies on the federal case *Marques v. Wells Fargo Home Mortgage Inc.*, No. 09-cv-1985-L RBB, 2010 WL 3212131 (S.D. Cal. Aug. 12, 2010), which applied federal common law in recognizing a third-party beneficiary breach of contract claim by a borrower against a mortgage servicer. Although portions of the analysis in that case are noteworthy, this Court declines to follow *Marques* in its holding. Rather, this Court agrees with other courts in this Circuit and the "overwhelming majority of courts"–some of which applied federal common law–that have concluded that borrowers are not third-party beneficiaries to SPA's under HAMP. *Ahmad v. Wells Fargo Bank, NA*, 861 F. Supp. 2d 818, 829-30 (E.D. Mich. 2012); *Nachar v. PNC Bank, Nat'l Ass'n*, No. 1:11-cv-97, 2012 WL 4758124, at *5 (N.D. Ohio Oct. 5, 2012); *Dixon v. Wells Fargo Bank, N.A.*, No. 12–10174, 2012 WL 4450502, at *9 (E.D. Mich. Sept. 25, 2012); *Starkey v. First Magnus Fin. Corp.*, No. 3:11–1217, 2012 WL 4061204, at *6 (M.D. Tenn. Sept. 14, 2012); *Duff v. Fed. Nat'l Mortg. Ass'n*, No. 2:11–cv–12474, 2012 WL 692120, at *5 (E.D. Mich. Feb. 29, 2012); *Nafso v. Wells Fargo Bank, NA*, No. 11–10478, 2011 WL 1575372, at *5 (E.D. Mich. Apr. 26, 2011). *See also Cade v. BAC Home Loans Servicing, LP*, 2011 WL 2470733, at *2-3 (S.D. Tex. June 20, 2011); *Acuna v. Chase Home Fin., LLC*, No. 3:10-CV-905, 2011 WL 1883089, at *4 (E.D. Va. May 17, 2011); *Thomasson v. First Horizon Home Loans*, No. CV 10-08192 PCT-MHB, 2011 WL 1526969, at *3-4 (D. Ariz. Apr. 22, 2011).

This majority approach is consistent with relevant United States Supreme Court precedent that reversed the case on which *Marques* relied. In *Astra USA, Inc. v. Santa Clara County, Cal.*, the United States Supreme Court found that county medical facilities are not

5

third-party beneficiaries entitled to enforce pharmaceutical pricing agreements between the federal government and drug manufacturers, despite being specifically named as entities to receive discounted drugs under the statutory price ceiling obligations. 131 S.Ct. 1342, 1348 (2011). When no private right of action exists to enforce obligations under a statute, third-party beneficiary contract actions should not be used to create a cause of action. *Id.* Reasoning by analogy, this Court therefore rejects the *Marques* rationale and concludes that Huffman fails to state a claim as a third-party beneficiary to the SPA between BANA and Fannie Mae.

Huffman further asserts that the failure to modify the Loan constitutes a breach of the covenant of good faith and fair dealing under the SPA. Defendants contend that Huffman cannot state a claim for relief on this basis independent of the breach of contract cause of action. In light of finding that Huffman is not a party to or third-party beneficiary of the SPA agreement, no duty of good faith and fair dealing predicated on that contract is owed to Huffman. Ohio law does not permit a stand-alone claim for a breach of the covenant of good faith and fair dealing absent a breach of contract claim. *Horvath*, 862 F. Supp. 2d at 751. Therefore, Huffman cannot plausibly state a claim for breach of the covenant of good faith and fair dealing.

### III. Conclusion

The Court **GRANTS** Defendants' motion to dismiss. (ECF No. 8.) The Clerk shall accordingly terminate this case on the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED**.

                                                               /s/ Gregory L. Frost
                                                    GREGORY L. FROST
                                                    UNITED STATES DISTRICT JUDGE